UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kedria Watson<br><br>        Petitioner<br>v.<br><br>William Reubart, et al.,<br><br>        Respondents | Case No. 2:23-cv-01505-JAD-DJA<br><br>**Order Dismissing Habeas Petition as Untimely and Closing Case**<br><br>[ECF Nos. 8, 9] |

  On October 18, 2023, the court directed Petitioner Kedria Watson to show cause why this habeas action should not be dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d) because it appeared that Watson filed this petition approximately ten years after the one-year statutory period expired.[1] Watson filed a timely response[2] to that show-cause order but fails to show cause. So I dismiss her petition as untimely.

  In her response, Watson claims that she "was not aware of what constituted ineffective assistance of counsel," and her "lawyers [were] ineffective for failing to make her aware of what the law really means."[3] Unfortunately for Watson, ignorance of the law does not constitute an extraordinary circumstance that warrants equitable tolling of the statute of limitations.[4]

  Watson also claims a fundamental miscarriage of justice because "she did not cause the

---

[1] ECF No. 7.
[2] ECF No. 11
[3] *Id*. at 1.
[4] *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

leg injury," "took the victim to two doctor[s]," and "was never under investigation."[5] A federal court may entertain an untimely claim if the petitioner makes a showing of actual innocence.[6] To qualify for the equitable exception to the timeliness bar based on actual innocence, however, the petitioner "must show that it is more likely than not that no reasonable juror would have convicted [her] in the light of the new evidence."[7] Watson does not identify any new evidence that was not available at the time she entered her guilty plea.

Because Watson has failed to establish that she may be entitled to equitable tolling and has not disputed the time calculations set forth in my order to show cause, her petition must be dismissed as untimely under 28 U.S.C. § 2244(d). **IT IS THEREFORE ORDERED** that Watson's habeas petition **[ECF No. 8] is DISMISSED** with prejudice as untimely. The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

**IT IS FURTHER ORDERED** that the petitioner is denied a certificate of appealability as jurists of reason would not find this decision debatable or incorrect.

**IT IS FURTHER ORDERED** that Watson's motion for appointment of counsel **[ECF No. 9] is DENIED** as moot.

Dated: December 4, 2023

_____
U.S. District Judge Jennifer A. Dorsey

---

[5] ECF No. 11 at 2.
[6] *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).
[7] *Id*. at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).